### LITTLEJOHN *vs*. MUNN.

Copies of pleadings served on the adverse party should be perfect copies of the original pleadings on file, including the signature of counsel, the jurat, &c.

A party has a right to presume that the pleading served on him is a correct copy of the one filed; and when the copy of an answer served contains neither the signature of solicitor or counsel, or if it has no jurat annexed, the complainant may apply to take the answer off the files for irregularity.

But where the answer actually filed was correct, the defendant was allowed to serve a perfect copy thereof, upon payment of the costs occasioned by the irregularity.

May 15.     THIS was an application to set aside the further answer of the defendant, and to take it off the files of the court for irregularity, on the ground that it was not signed either by the defendant or by his solicitor or counsel. By the papers read in opposition to the application, it appeared that the answer as filed was properly signed, but that through inadvertence, the signatures were omitted in the copy served on the complainant's solicitor.

*J. Edwards*, for the complainant.

*H. Bleeker*, for the defendant.

THE CHANCELLOR said, the copies of pleadings served on the adverse party must be perfect copies of the original pleadings on file, including the signature of counsel, the jurat, &c. That when a pleading was served, the party receiving the same had a right to presume it was a correct copy of the orig-

inal on file, and to treat it as such. That the complainant's counsel was therefore right in making this application ; he having no information as to the mistake in the copy, and living remote from the register's office. That the defendant's solicitor, as soon as he discovered the mistake, should have applied to the solicitor of the adverse party for permission to correct it ; which would have saved his client from further costs.

The complainant having entered an order to take the bill as confessed, for want of an answer, that order was set aside, and the defendant was permitted to serve a corrected copy of the answer, upon the payment of the costs which had been occasioned by the irregularity.